**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 06-5130**

───────────

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

          versus

DAVID HARRISON,

                              Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  J. Frederick Motz, District Judge.
(1:06-cr-00010-JFM)

───────────

Submitted:  May 25, 2007              Decided:  July 10, 2007

───────────

Before WILLIAMS, Chief Judge, and WILKINSON and GREGORY, Circuit
Judges.

───────────

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

───────────

James Wyda, Federal Public Defender, Kobie A. Flowers, Assistant
Federal Public Defender, Paresh S. Patel, Staff Attorney,
Greenbelt, Maryland, for Appellant.  Rod J. Rosenstein, United
States Attorney, Christopher J. Romano, Assistant United States
Attorney, Baltimore, Maryland, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Harrison appeals the district court's order sentencing him to 135 months' imprisonment following his guilty plea to a single count of bank robbery, in violation of 18 U.S.C. § 2113(d), (f) (2000). Harrison's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which counsel identifies the issue of voluntariness of the guilty plea, but submits there are no meritorious issues for appeal. In response, the Government has moved to dismiss the appeal on the basis of a waiver of appellate rights contained in its plea agreement with Harrison. Although advised of his right to do so, Harrison has not filed a pro se supplemental brief.

This court's interpretation of Harrison's plea agreement is guided by contract law. United States v. McQueen, 108 F.3d 64, 66 (4th Cir. 1997). In the instant matter, the waiver provision applies only to a challenge to Harrison's sentence: "[t]he Defendant . . . knowingly and expressly waive[s] all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed. . . . . [T]he Defendant waives any right to appeal from any sentence within or below the advisory guidelines range resulting from an adjusted base offense level of 27." (J.A. 29). The district court sentenced Harrison based on a total offense level of 27. Although we conclude the waiver is enforceable to the extent Harrison challenges his sentence, it does not preclude

Harrison from appealing his conviction.  Accordingly, we grant the Government's motion only to the extent that it applies to Harrison's appeal of his sentence.

With regard to the voluntariness of Harrison's guilty plea, we have reviewed the transcript of the plea hearing and have found no error.  Because Harrison's plea was knowingly and voluntarily entered, the district court did not err in accepting Harrison's plea.  Accordingly, we find no error in Harrison's conviction.

Finding no meritorious issues upon our review of the record, we affirm Harrison's conviction and dismiss the portion of his appeal relating to his sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;

DISMISSED IN PART